## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. H-18-670** |
| | § | |
| **ALFONZO ELIEZER GRAVINA-** | § | |
| **MUNOZ,** | § | **UNDER SEAL** |
| | § | |
| **DEFENDANT** | § | |
| | § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and John P. Pearson and Robert S. Johnson, Assistant United States Attorneys, and Sandra Moser, Acting Chief of the Fraud Section of the Criminal Division of the United States Department of Justice ("Fraud Section") and Sarah E. Edwards and Sonali D. Patel, Trial Attorneys, and the defendant, Alfonzo Eliezer Gravina Munoz ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count One of the Indictment. Count One charges Defendant with conspiracy to obstruct justice in violation of Title 18,

United States Code, Section 371.   Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Indictment, or proved to a jury, or proven beyond a reasonable doubt.

## Punishment Range

2.   The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 371, is imprisonment of not more than five years and a fine of not more than $250,000 or twice the gross gain or loss.   Additionally, Defendant may receive a term of supervised release after imprisonment of up to three years.   *See* Title 18, United States Code, Sections 3559(a)(3), 3571(b)(1), 3571(d), and 3583(b)(2).   Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to two years, without credit for time already served on the term of supervised release prior to such violation.   *See* Title 18, United States Code, Sections 3559(a)(3) and 3583(e)(3).   Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

2

### Mandatory Special Assessment

3.     Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.   The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4.   Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.   Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### Cooperation

5.   The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines.   Defendant understands and agrees that whether such a motion is filed will be determined solely

3

by the United States through the United States Attorney for the Southern District of Texas and the Fraud Section.   Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines.   Defendant further agrees to persist in the plea through sentencing, fully cooperate with the United States, and not to oppose the forfeiture of assets contemplated in paragraph 22 of this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6.   Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to obstruction of justice, and violations of the Foreign Corrupt Practices Act ("FCPA"), money laundering, and wire fraud.   Defendant understands that such information includes both state and federal offenses arising therefrom.   In that regard:

(a)   Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas, the Fraud Section, and Defendant; it does not bind any other United States Attorney or any other component of the Department of Justice;

(b)   Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States.   Defendant further agrees to waive

4

his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)     Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)     Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the Defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e)     Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

(f)     Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

## Waiver of Appeal and Collateral Review

7.  Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed.  Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.  Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not

5

waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255.   Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s).   In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8.   Defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations, in the event that (a) Defendant's conviction is later vacated for any reason, (b) Defendant violates any provision of this Agreement, or (c) Defendant's plea is later withdrawn.

9.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.   Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States, or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the

6

Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

10. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

11. The United States agrees to each of the following:

(a) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines, should Defendant accept responsibility as contemplated by the Sentencing Guidelines; and

(b) If Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which

Defendant provided complete information regarding his role in the offense (if Defendant's offense level is 16 or greater).

### Agreement Binding - Southern District of Texas and Fraud Section Only

12.   The United States Attorney's Office for the Southern District of Texas and the Fraud Section agree that they will not further criminally prosecute Defendant for offenses arising from conduct charged in the Indictment.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas, the Fraud Section, and Defendant.   It does not bind any other United States Attorney's Office or any other component of the Department of Justice.   The United States Attorney's Office for the Southern District of Texas and the Fraud Section will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

13.   The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)   to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)   to set forth or dispute sentencing factors or facts material to sentencing;

(c)   to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

8

(d)     to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

14.     Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a).  Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offenses to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.  Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.  If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason

9

alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

15.    Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

(a)    If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.    If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.   However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

16.  Defendant is pleading guilty because he is in fact guilty of the charge contained in Count One of the Indictment.   If this case were to proceed to trial, the

United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

Since in or about 2012, the Department of Homeland Security, Homeland Security Investigations ("HSI"), has been conducting a long-running investigation into a large-scale bribery scheme involving Petroleos de Venezuela S.A. ("PDVSA") officials and U.S. and foreign persons and entities, including possible violations of federal criminal statutes, including violations of the FCPA, Title 15, United States Code, Section 78dd-2(a) and money laundering statutes, Title 18 United States Code, Sections 1956 and 1957. The investigation also involved official proceedings before a grand jury sitting in the Southern District of Texas and the United States District Court for the Southern District of Texas.

On December 10, 2015, Defendant pleaded guilty to conspiracy to launder money in violation of Title 18, United States Code, Section 371, and making false statements on his federal income tax return in violation of Title 26, United States Code, Section 7206(1). Defendant's plea agreement was a cooperation plea agreement, and it contemplated the possibility that the United States would make a motion under United States Sentencing Guidelines Section 5K1.1 at his sentencing. Under the terms of his plea agreement, Defendant agreed to participate in interviews

11

as requested by the United States, and to provide "truthful, complete and accurate information" to government agents and attorneys.

The factual basis for Defendant's plea was the laundering of bribes Defendant received from two businessmen based in the United States, Roberto Rincon and Abraham Shiera, during the course of Defendant's employment with PDVSA, Venezuela's state-owned and state-controlled oil company. However, prior to his plea, Defendant also admitted to accepting and laundering bribe payments from other individuals and companies, including over $230,000.00 in bribe proceeds from at least four companies controlled by the individual identified as Co-Conspirator 1 in the Indictment. Defendant provided federal agents with only the names of those corporate entities; he did not state that they were associated with Co-Conspirator 1.

After Defendant's employment with PDVSA was terminated in early 2014, Defendant began working for Co-Conspirator 1 and signed a contract with one of Co-Conspirator 1's companies identified as "Company A" in the Indictment. Despite the fact that Defendant had previously received bribes from Co-Conspirator 1 when Defendant was a PDVSA official, when questioned by federal agents about his post-PDVSA employment, Defendant lied and assured federal agents that his new employer was not involved in corruption and was "clean."

12

After his plea, and during his employment with Company A, Defendant met periodically with HSI agents to provide information regarding corruption at PDVSA, including bribe payments Defendant received while he was a PDVSA official.

Despite knowing that U.S. government authorities were investigating corruption at PDVSA, and, specifically, that at the beginning of 2018 the government was focusing on bribes paid by companies controlled by Co-Conspirator 1, Defendant concealed facts about Co-Conspirator 1's payment of bribes to PDVSA officials in his interviews with the government. In addition, Defendant informed Co-Conspirator 1 that U.S. government authorities were investigating Co-Conspirator 1, and informed Co-Conspirator 1 about the topics discussed in Defendant's meetings with the government.

In particular, on or about January 30, 2018, Defendant participated in a meeting with the government in which Defendant learned that the government investigation was focusing on bribes paid by Co-Conspirator 1 to PDVSA officials. At some point in the next few months, Defendant provided to Co-Conspirator 1 the information discussed with the government at his January 30, 2018 meeting. In or around June or July 2018, Co-Conspirator 1 met with a PDVSA official identified as "Official A" in the Indictment, and informed Official A that Defendant was providing him with information about the government's investigation. Co-

Conspirator 1 also instructed Official A to destroy emails and other communications regarding the bribery scheme, which Official A did.

On July 16, 2018, Defendant participated in another meeting with the government in which Defendant learned that the government was aware of nicknames used by Co-Conspirator 1 and an individual identified as "Employee A" in the Indictment to refer to the PDVSA officials to whom they were paying bribes. At some point between July 16, 2018, and July 26, 2018, Defendant met with Co-Conspirator 1 and informed Co-Conspirator 1 of the topics discussed at Defendant's July 16, 2018 meeting with the government, including that the government was aware of the nicknames.

On July 26, 2018, Co-Conspirator 1 met with Employee A in Miami. Co-Conspirator 1 informed Employee A that the government knew about the nicknames that they used to refer to the PDVSA officials who were receiving bribes, and instructed Employee A to change the nicknames. Co-Conspirator 1 also instructed Employee A to destroy physical and electronic evidence relating to the bribery scheme. On July 27, 2018, Co-Conspirator 1 met with Official A in Houston and told Official A that Co-Conspirator 1 was in trouble due to the government investigation and that Co-Conspirator 1 was going to Venezuela.

14

On July 31, 2018, Co-Conspirator 1 attempted to flee the United States by purchasing and attempting to take a flight from Miami, Florida, to Caracas, Venezuela, but was arrested at the airport in Miami.

### Breach of Plea Agreement

17.    If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.   Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any such prosecution.

### Restitution, Forfeiture, and Fines – Generally

18.    This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest.   Defendant agrees not to dispose of any assets or take

any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

19.   Defendant agrees to make a complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 30 days of signing this plea agreement.   Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

20.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

21.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Forfeiture

22.   Defendant agrees to the administrative forfeiture of all bribe proceeds received from Co-Conspirator 1 by Defendant, whether to accounts he held or controlled or to accounts held in the name of family members.

23.   Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

### Fines

26.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

27.   This written plea agreement, consisting of 21 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.   No

promises or representations have been made by the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

28.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at ___Houston___ Texas, on ___December 10,___, 2018.

_____
Defendant

Subscribed and sworn to before me on ___December 10___, 2018.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By:   _____
Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

18

By: _____

John P. Pearson
Robert S. Johnson
Assistant United States Attorneys
Southern District of Texas
Telephone: (713) 567-9342


Sandra Moser
Acting Chief, Fraud Section

By: _____

Sarah E. Edwards
Sonali D. Patel
Trial Attorneys
Telephone: (202) 305-6761


_____
Alfonzo Eliezer Gravina Munoz
Defendant


_____
Guy Womack, Esq.
Attorney for Defendant

19

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | **CRIMINAL NO. H-18-670** |
| | § | |
| ALFONZO ELIEZER GRAVINA- | § | |
| MUNOZ, | § | |
| | § | **UNDER SEAL** |
| DEFENDANT | § | |
| | § | |

### PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge,

20

Defendant's decision to enter into this agreement is an informed and voluntary one.

_____          12-10-18
Guy Womack                                          Date
Attorney for Defendant


I have consulted with my attorney and fully understand all my rights with

respect to the Indictment pending against me.   My attorney has fully explained, and

I understand, all my rights with respect to the provisions of the United States

Sentencing Commission's Guidelines Manual which may apply in my case.   I have

read and carefully reviewed every part of this plea agreement with my attorney.   I

understand this agreement and I voluntarily agree to its terms.


_____          12/10/18
Alfonzo Eliezer Gravina Munoz                  Date
Defendant